IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE C. CLARK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:10-01046-DGK-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Willie C. Clark seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and his application for supplemental security income based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. Clark contends he is entitled to benefits because he is unable to work due to his depressive disorder and borderline intellectual functioning. The Administrative Law Judge ("ALJ") denied Clark's applications for benefits, finding that but for his substance abuse he would be able to perform past relevant work as a forklift driver.

Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3). After reviewing the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Clark filed this application for disability benefits and supplemental security income on December 20, 2004, alleging he was disabled as of October 30, 2002. R. at 24. But because he alleged the same disability onset date in two previous applications, which the Commissioner denied on April 2, 2003 and February 23, 2004 respectively, the doctrine of *res judicata* prevented the ALJ from considering his allegations from October 30, 2002 through February 23, 2004. R. at 24. Thus, the ALJ's decision considered Clark's claims from February 24, 2004 to the date of the ALJ's decision, September 24, 2008.

After reviewing the record and conducting a hearing, the ALJ held that, absent his substance abuse, Clark could perform his past relevant work as a forklift driver despite the limitations identified by the ALJ in his residual functional capacity ("RFC") determination.

Plaintiff contends the ALJ: (1) erred by not determining what Clark's physical and mental limitations would be if he did not have a substance abuse problem and then determining whether these limitations, by themselves, would be disabling; and (2) reached the wrong conclusion in not finding him disabled because another ALJ subsequently held Clark was disabled as of October 7, 2010.

The Court finds no merit to Clark's arguments.

**A.      The ALJ's drug and alcohol analysis was proper.**

Under the Act, "An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subchapter) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(j). Drug addiction or alcoholism is "material" if the claimant would not be disabled if he stopped abusing alcohol or drugs. 20 C.F.R. §§ 404.1535, 416.935.

3

Under the regulations,[2] where there is medical evidence of drug addiction or alcoholism, the ALJ must first determine whether the individual is disabled under the standard five-step evaluation process. 20 C.F.R. §§ 404.1535, 416.935. If the claimant is disabled, then the ALJ must determine whether absent the drug or alcohol abuse the individual would still be disabled. *Brueggemann v. Barnhart*, 348 F.3d 689, 694-95 (8th Cir. 2003). That is, the ALJ must focus on whether the impairments would remain if the substance abuse ended and "whether those impairments are disabling, regardless of their cause." *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). The claimant bears the burden of proving that drug abuse or alcoholism is not a material factor. *Vester v. Barnhart*, 416 F.3d 886, 888 (8th Cir. 2005). If the ALJ is unable to determine whether substance abuse is a material factor, the claimant's burden has been met. *Brueggemann*, 348 F.3d at 693. "In colloquial terms," on the issue of the materiality of drug or alcohol abuse, "a tie goes to [the claimant]." *Id.* In sum, the ALJ must determine (1) whether the claimant is disabled, then (2) whether drug or alcohol use is a concern, and if so (3) whether substantial evidence on the record demonstrates these limitations would remain in the absence of the claimant's substance abuse. *Id.*

Clark argues the ALJ failed to analyze the evidence to determine whether it was possible to separate his mental disorders from his substance abuse problems. Pl's Br. at 22. He claims there is not substantial evidence in the record indicating how he functions absent his substance abuse, thus the ALJ could not make any finding whether he would be disabled absent the substance abuse. Pl's Br. at 22. He specifically asserts that none of the doctors opined whether his substance was a material factor in his disability. Pl's Br. at 22-24. Thus, he should be found disabled under the "tie goes to the claimant" rule.

---

[2] The regulations implementing the law are identical with respect to disability insurance benefits and supplemental security income benefits. *Compare* 20 C.F.R. § 404.1535, *with* 20 C.F.R. § 416.935.

4

These arguments are meritless. The ALJ followed the regulations in determining whether Clark's substance abuse was a material factor in his disability, and the ALJ's findings are supported by substantial evidence in the record. First, the ALJ found that Clark's mental impairments, when considered in conjunction with his substance abuse, met the listings for disability under 20 CFR § 404.1520(d) and § 416.920(d). R. at 34. The ALJ then discussed Clark's impairments in the absence of substance abuse, finding that "[i]n the absence of substance abuse, the remaining limitations would cause more than a minimal impact" on his ability to work. R. at 35. Next, he determined that, "[in] the absence of substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals" the disability listings under 20 CFR § 404.1520(d) and § 416.920(d). R. at 35. He cited the testimony of a clinical psychologist, Dr. Nancy Winfrey, Ph.D., concerning Clark's limitations if his drug and alcohol abuse were excluded. R. at 35. Dr. Winfrey opined Clark could work but should not have frequent contact with other people or perform complex instructions. R. at 557. Other evidence in the record confirms her opinion. Dr. R.L. Pentercost, M.D., stated in his mental RFC assessment that if Clark maintained his sobriety, he would be able to understand, remember, and perform short, simple instructions, keep to a routine of simple tasks, and interact with others adequately for work. R. at 404. These doctors were able to separate Clark's limitations from his drug and alcohol abuse, and they provided a basis for the ALJ to make his finding.

The Court also observes that throughout his opinion the ALJ discussed Clark's substance abuse and its relationship to his ability to work. R. at 35-40. For example, in discussing Clark's RFC, the ALJ wrote, "[i]f the claimant stopped the substance abuse, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce

5
Case 4:10-cv-01046-DGK   Document 26   Filed 09/24/12   Page 5 of 7

some symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible . . ." Among other things, the ALJ noted Clark lost his home and car because of substance abuse, R. at 38, 323, and that Clark told Dr. James True, M.D., that he lost his job as a stocker at a grocery store in October 2002, when he began using drugs and drinking, reporting to work late, and not showing up. R. at 324. While Dr. True's testimony, if believed, would support an award of benefits, the ALJ discussed his opinion and gave sound reasons for discounting it. R. at 39. Accordingly, the ALJ's decision is supported by substantial evidence on the record.

**B.     The award of benefits on a subsequent application for benefits in 2011 by a different ALJ is not a basis for reversal.**

Finally, Clark argues the Court should reverse the ALJ's decision because a different ALJ's ruling on a subsequent application found Clark disabled because of his mental impairments beginning October 7, 2010. Pl.'s Br. at 25. Clark claims the ALJ in the subsequent case reached his decision by "evaluating essentially the same evidence" presented to the ALJ in this case, thus the ALJ here must be wrong.

As a threshold matter, the Court does not know what evidence ALJ Dawson relied on in reaching his decision. Although his decision refers in passing to some evidence which is part of the record in this case, including a medical source assessment completed by Dr. Kathleen King, Ph.D. along with a reference to Dr. True's "a longitudinal relationship" with Clark, such references do not prove that the record in front of him was the same as the record in this case. The fact that another ALJ ruling on a subsequent application found Clark to be disabled as of October 7, 2010, simply suggests that Clark met the requirements for disability in October 2010, and that when he met these requirements, the Commissioner found him disabled.

In any event, the Court's review of the ALJ's decision in this case concerns Clark's December 2004 application and is limited to determining whether the his findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court may not reverse the ALJ's decision as long as substantial evidence in the records supports it, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.* In this case, after reviewing the record and carefully considering the parties' arguments, the Court finds that substantial evidence supports the ALJ's determination that Clark was not disabled under the Act during the relevant time period, namely from February 24, 2004 to September 24, 2008. Accordingly, the ALJ's decision must be upheld.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 24, 2012                 /s/ Greg Kays
                                                                    GREG KAYS, JUDGE
                                                                    UNITED STATES DISTRICT COURT